UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYLER A SWANSON,

                Plaintiff,                Case No. 24-cv-1346-bhl

  v.

OSHKOSH WI and WINNEBAGO COUNTY,

                Defendants.

## SCREENING ORDER

On October 21, 2024, Tyler A. Swanson, proceeding *pro se*, filed a complaint against the City of Oshkosh and Winnebago County. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Swanson reports that he is unemployed but earns $500.00 weekly from internet sales and side jobs. (ECF No. 2 at 1–2.) For assets, he lists a 2006 Cadillac worth approximately $2000.00 and $500.00 in cash or accounts. (*Id.* at 3.) Swanson indicates that he has monthly expenses for rent, groceries, and bills, but fails to provide the Court with dollar amounts for any of his listed expenses. (*See id.* at 2–3.) On these facts, the Court cannot grant Swanson's motion. He reports income sufficient to pay the filing fee and, without specific information about his monthly expenses, the Court cannot find him indigent. Accordingly, Swanson's motion to proceed without prepayment of the filing fee will be denied, but *without prejudice*. The Court will allow Swanson the opportunity to refile his motion with detailed information concerning his monthly expenses so that the Court may assess his indigency. If Swanson chooses to refile, he should be clear, accurate, and detailed in the information he provides.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Swanson's complaint contains only a handful of nonspecific allegations. He indicates that he is suing the City of Oshkosh and Winnebago county for "falsification of representation of ine[f]fective use of coun[s]el." (ECF No. 1 at 3.) He asserts that "many statu[t]es have been broken" and alleges "excessive use of the law." (*Id.* at 2.) Swanson alleges that he "took a plea agreement of a bargain which they could not give in the first place." (*Id.*) He also alleges that a woman lied about him and appears to allege that he was promised a certain plea deal but did not receive the promised agreement. (*Id.*)

Swanson indicates that he is suing under both federal and state law and requests "a great deal of money [for] the pain & suffering that this has caused to [him] over the years." (*Id.* at 4.)

**ANALYSIS**

Swanson's allegations are insufficient to state a claim against either the City of Oshkosh or Winnebago County. It is not clear from his complaint what claim or claims Swanson is attempting to assert. Because he is attempting to sue local units of government for monetary damages, the Court will presume Swanson wishes to state a claim under 42 U.S.C. § 1983, which, in certain circumstances, authorizes monetary claims against local governments for violations of the United States Constitution or federal law. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). To state a claim under 42 U.S.C. § 1983, Swanson needs to identify a person or persons acting under color of law who violated his federal rights. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1518–20 (7th Cir. 1990). In *Monell*, the United States Supreme Court recognized that municipalities could be "persons" and thus held liable for constitutional violations under Section 1983. 436 U.S. at 690–91. To prevail on a *Monell* claim, the plaintiff must establish (1) that he suffered a constitutional injury, and (2) that the City or County authorized or maintained a custom of approving the unconstitutional conduct. *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) (citing *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994)).

Swanson's complaint does not invoke or implicate any federal or constitutional law that could sustain a Section 1983 claim against the City of Oshkosh or Winnebago County. Swanson appears to assert that his counsel in a criminal trial was constitutionally deficient, but ineffective assistance of counsel claims are generally not cognizable under Section 1983. *See Carter v. Bennett*, 395 F. Supp. 2d 745, 747 (W.D. Wis. 2005) (citing *Polk County v. Dodson*, 454 U.S. 312, 317 (1981)). And Swanson has not alleged that any City or County policy or custom caused a violation of his rights, as *Monell* requires. Moreover, it appears that Swanson is attempting to challenge the validity of a state court criminal conviction through an action for damages. This is explicitly barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held that a plaintiff cannot bring a Section 1983 claim that challenges the legality of a conviction unless and until that conviction is "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 489. Though unclear, Swanson's complaint suggests that the conviction he hopes to challenge is still in place. Accordingly, any claims he might wish to bring relating to that conviction are likely barred by *Heck*.

Because Swanson is acting without help from a lawyer, the Court will allow him the opportunity to file an amended complaint that cures the deficiencies identified in this order. However, as the Court has noted, it appears unlikely from Swanson's complaint that his dispute can be resolved in federal court. If Swanson does not wish to pursue this matter further, he is not required to take any additional action. If he chooses to file an amended complaint, he must do so on or before **November 27, 2025**.

If he decides to proceed with an amended complaint, Swanson should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Swanson should set forth his allegations in short and plain statements, focusing on the *facts* of his case rather than abstract legal terms or general allegations of illegality. He should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. Swanson is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself, without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Swanson's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**, with leave to refile with more detailed information regarding his financial situation.

**IT IS FURTHER ORDERED** that if Swanson wishes to proceed with this lawsuit, he must file an amended complaint. The amended complaint must be filed with the Court on or before **November 27, 2024**. If the Court does not receive Swanson's amended complaint by that date, the case will be dismissed without prejudice pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on October 28, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge